COOKS, J.,
dissenting.
hi respectfully dissent from the majority’s affirmance of the grant of summary judgment in this unfortunate situation. I find there are genuine issues of material fact which preclude summary judgment in this case. ' :
Although on its face, .it may appear the “sophisticated user” exception set forth in Thomas may apply in this case, I find there are factual differences in the present case that present a legitimate dispute as to whether Mr. Nearhood was a sophisticated user of the machine that caused the injury. It was established in Thomas that the operator of the machine in question “could easily feel or see the handles to determine whether the hook was fully engaged over the peg.” It was also determined that Mr. Thomas “was an experienced and sophisticated user of the health club’s equipment, including the hack squat machine (which the court in Thomas found he had used ‘hundreds if not thousands of times’).” Thus, it was unequivocally established Mr. Thomas was intimately familiar with the machine he was using when injured. The facts are not as clear in the present case.
Mr. Nearhood notes normal use of the Smith machine does not allow for the user to see the locking action of the hooks securing the weights. Apparently, the only way to know the weight is secured is to hear a clicking sound, which Mr. |2Nearhood believed he did hear, but now realizes the sound was likely a nearby machine. Thus, there are additional “fail-safe” devices on the machine to prevent the tragic accident that occurred. These additional devices are especially placed in the event a user does not properly secure the weight on the locking hook. However, Mr. Nearhood testified he was unaware of these safety measures. He stated “I didn’t know they existed.” I note the questioning of counsel for Fitness Partners acknowledges Mr. Nearhood was unfamiliar with the safety devices:
Q. But you never asked about safety devices?
A. Why would I? I had never seen them. I had never seen them used.
Q. But you’re a smart guy. You know that dangerous things sometimes have things that make it less dangerous. Why didn’t you think to ask whether or not there were safety devices?
■ A. If I would have seen somebody else using them, I might have. In fact, I probably would have.
Q. But it never occurred to you to ask?
This exchange, in my view, clearly belies Fitness Partner’s attempts to classify Mr. Nearhood as a sophisticated user. At a minimum, it certainly creates a question of fact that should have precluded summary judgment in this case. Therefore, I dissent. and would reverse the grant of summary judgment and remand the case for further proceedings.